IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

NORRIS ROOSTER OWENS, JR.,

    Plaintiff,

vs.

Dr. OWENS, Psychiatrist; DENNIS MILLER, Attorney, and Warden THOMPSON,

    Defendants.

CIVIL ACTION NO.: CV605-108

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Baldwin State Prison in Hardwick, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement will he was incarcerated at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim

AO 72A
(Rev. 8/82)

upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that Defendant Miller, who was his attorney around 1990, filed for mental health status during the defense of Plaintiff's criminal case. As a result of this, Plaintiff contends, he has had to suffer the consequences of this action during his time in prison. Specifically, Plaintiff alleges that Defendant Owens, a doctor at Georgia State Prison, gave him medication in 1993 which left him incapacitated.

State law determines the statute of limitation applicable to a claim under 42 U.S.C. § 1983. Harding v. Staub, 490 U.S. 536, 538, 109 S. Ct. 1998, 2000, 104 L. Ed.2d 582 (1989). According to O.C.G.A. § 9-3-33, the statute of limitations in Georgia for this type of action is two years. Plaintiff's Complaint was not stamped filed in the Middle District of

AO 72A
(Rev. 8/82)

Georgia[1] until September 30, 2005, and as a result, his claims are barred by the applicable statute of limitation.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Accordingly, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b).

So **REPORTED** and **RECOMMENDED**, this 6th day of December, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] By Order dated October 6, 2005, the Honorable Duross Fitzpatrick of the Middle District of Georgia transferred Plaintiff's cause of action to this Court, as the events Plaintiff complains about occurred in this district.

AO 72A
(Rev. 8/82)